# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF TEXAS
### LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 5:23-CR-100-Z-BR(01) |
| | U.S. Marshal's No.: 43293-018 |
| DANIEL RAY GARCIA | Matthew Robert Weybrecht, Assistant U.S. Attorney |
| | Defendant appearing Pro Se; Bethany Stephens, |
| | Standby Counsel |

On August 29, 2024 the defendant, DANIEL RAY GARCIA, entered a plea of guilty as to Count Two of the Indictment filed on September 26, 2023. Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 876(c) | MAILING A THREATENING COMMUNICATION | 07/12/2023 | Two |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 as to Count Two of the Indictment filed on September 26, 2023.

Upon Motion of the government, all remaining Counts are dismissed, as to this defendant only.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed May 6, 2025.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

Signed May 7, 2025.

Judgment in a Criminal Case                                                    Page **2** of **5**
Defendant:  DANIEL RAY GARCIA
Case Number:  5:23-CR-100-Z-BR-(1)

## IMPRISONMENT

The defendant, DANIEL RAY GARCIA, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of **Eighty Seven (87) months as to Count Two** of the Indictment filed on September 26, 2023. The sentence shall *run consecutively* to the life sentence for Aggravated Assault Against a Public Servant which Defendant is currently serving in state prison and is unrelated to the instant offense.

The Court makes the following recommendations to the Bureau of Prisons:

1. that the Defendant be allowed to participate in a full medical evaluation to address hypertension, kidney disease, testicular cancer, and stroke issues, if possible, if eligible, if consistent with security classification;

2. that the Defendant be allowed to participate in any and all education and vocational training, if possible, training in truck driving, to include his CDL, if eligible, if consistent with security classification.

The Defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **Three (3) years** as to Count Two of the Indictment filed on September 26, 2023.

While on supervised release, in compliance with the Standard Conditions of supervision adopted by the United States Sentencing Commission at Section 5D1.3(c), the defendant shall:

1. The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

3. The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant shall answer truthfully the questions asked by the probation officer.

5. The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

Judgment in a Criminal Case                                                Page **3** of **5**
Defendant:  DANIEL RAY GARCIA
Case Number:  5:23-CR-100-Z-BR-(1)

6.  The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

7.  The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

8.  The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9.  If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

Also, as set forth in the Notice of Intent to Impose Conditions of Supervised Release signed and dated May 6, 2025, the Defendant shall comply with the below-listed other conditions of supervised release, which are derived from Sections 5D1.3(a), (b), (d), and (e), in relevant part:

1.  The defendant shall not commit another federal, state or local offense (see 18 U.S.C. § 3583(d)).

2.  The defendant shall not unlawfully possess a controlled substance (see 18 U.S.C. § 3583(d)).

3.  The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. § 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant (see 18 U.S.C. § 3583(d)).

Judgment in a Criminal Case                                                                  Page **4** of **5**
Defendant:  DANIEL RAY GARCIA
Case Number:  5:23-CR-100-Z-BR-(1)

4.  The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter (as determined by the court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the court for any individual defendant if the defendant's presentence report or other reliable information indicates a low risk of future substance abuse by the defendant (*see* 18 U.S.C. § 3583(d)).

5.  If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine (*see* 18 U.S.C. § 3624(e)).

6.  The defendant shall (A) make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A, or any other statute authorizing a sentence of restitution; and (B) pay the assessment imposed in accordance with 18 U.S.C. § 3013. If there is a court-established payment schedule for making restitution or paying the assessment (*see* 18 U.S.C. § 3572(d)), the defendant shall adhere to the schedule.

7.  If the defendant is required to register under the Sex Offender Registration and Notification Act, the defendant shall comply with the requirements of that Act (*see* 18 U.S.C. § 3583(d)).

8.  The defendant shall submit to the collection of a DNA sample from the defendant at the direction of the United States Probation Office if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (34 U.S.C. § 40702).

9.  The defendant shall participate in outpatient mental health treatment services as directed by the probation officer until successfully discharged. These services may include medications prescribed by a licensed physician. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25 per month.

10. The defendant shall participate in an outpatient program approved by the probation officer for treatment of narcotic, drug, or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, and contributing to the costs of services rendered (copayment) at the rate of at least $25 per month.

11. The defendant shall have no contact with the victim(s) or the victim's family, directly or indirectly without prior approval by the probation officer.

**FINE/RESTITUTION**

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

The Court does not order Restitution because, while the Title 18 offenses of conviction mandates Restitution, no restitution claims have been made as of this date.

Judgment in a Criminal Case
Defendant: DANIEL RAY GARCIA                                              Page **5** of **5**
Case Number: 5:23-CR-100-Z-BR-(1)

**RETURN**

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

BY _____
Deputy Marshal